Case 2:11-cv-03047-RMP    Document 17    Filed 07/25/11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES A. GREEN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>WACHOVIA MORTGAGE FSB; REGIONAL TRUSTEE SERVICES CORP.; and JOHN DOE 1-10, JANE DOE 1-10,<br><br>　　　　　　Defendants. | NO: CV-11-3047-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR REMAND |

## INTRODUCTION

Before the Court is Plaintiff James A. Green's Motion for Remand, ECF No. 11. The Court has reviewed the Notice of Removal and its attachments, ECF No. 1; the Motion for Remand, ECF No. 11; the Defendant's Response, ECF No. 13; the declaration of Michael Dolan, ECF No. 14; the Declaration of Robert J. Bocko, ECF No. 15; and the pleadings and file in this case and is fully informed.

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND ~ 1

## BACKGROUND

This action stems from a mortgage. In his complaint, the Plaintiff alleges that on April 14, 2000, he borrowed $406,012 from Defendant Wachovia Mortgage FSB to purchase a piece of property. ECF No. 1 at 10. He accuses Wachovia of materially misrepresenting the terms and conditions of the loan upon which he relied. ECF No. 1 at 11. In October 2010, Defendant Regional Trustee Services recorded a notice of default and election to sell, alleging that the Plaintiff was in default. ECF No. 1 at 11. A trustee sale was scheduled for May 6, 2011. ECF No. 1 at 11. The Plaintiff seeks damages, an accounting, an injunction against the sale of his home, and declaratory relief. ECF No. 1 at 14-15.

This action was filed in Washington State Superior Court for Klickitat County on April 21, 2011. ECF No. 1 at 7. Wells Fargo Bank, N.A.[1] filed a notice of removal in this Court on April 22, 2011. ECF No. 1. The Plaintiff filed the instant Motion to Remand on May 20, 2011. ECF No. 11.

## APPLICABLE LAW

Generally, a defendant to a state court civil action may remove that action to the United States district court for the district and division embracing the place where the action is pending if the United States district court has original

---

[1] Wachovia Mortgage, one of the named defendants in this case, merged into and became a division of Wells Fargo Bank, N.A.

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND ~ 2

jurisdiction.  28 U.S.C. § 1441(a).  A defendant who wishes to remove such an action shall file a notice of removal with the appropriate district court within thirty days of receipt of a copy of the initial pleading.  28 U.S.C. § 1446(a)-(b).

District courts have original jurisdiction over matters that present questions of federal law, 28 U.S.C. § 1331, and matters between parties of diverse citizenship where the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.  Claims that do not enjoy original jurisdiction under § 1331 or § 1332 may be heard by the district court if such claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367.

## DISCUSSION

The Plaintiff challenges the removal of this action on two grounds: first, the Plaintiff asserts that the Defendant has failed to establish subject matter jurisdiction; second, the Plaintiff asserts that Wells Fargo's removal was untimely.

**Subject Matter Jurisdiction**

The Plaintiff asserts that the basis for subject matter jurisdiction in this case is diversity under 28 U.S.C. § 1332.  The Plaintiff further asserts that the complaint alleges no amount in controversy and cannot meet the $75,000 threshold required by § 1332.  Wells Fargo asserts that both federal question and diversity jurisdiction exist in this case.  The Court finds that it has federal question and supplemental

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND ~ 3

jurisdiction, and therefore, declines to address Plaintiff's diversity jurisdiction challenge.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." § 1331. Here, the Plaintiff has alleged that Wachovia made material misrepresentations of the terms and conditions of the loan causing the Plaintiff to enter an agreement which subjected him to excessive and inappropriate fees and interest in violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ECF No. 1 at 13, 15-16. Additionally, while the Plaintiff does not explicitly state a cause or cite to a code section, paragraphs 18 through 20 of the complaint appear targeted to state a cause of action under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e). ECF No. 1 at 13. The court has subject matter jurisdiction over these federal claims pursuant to 28 U.S.C. § 1331.

Because the Court has subject matter jurisdiction over the federal claims, the Court may exercise supplemental jurisdiction over the Plaintiff's state-law claims. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND ~ 4

1 the federal claims and the state and federal claims would normally be tried
2 together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citing *Trs.*
3 *Of the Constr. Indus. & Laborers Health and Welfare Trust v. Desert Valley*
4 *Landscape Maint.*, 333 F.3d 923, 925 (9th Cir. 2003)).

5 Here, all of the Plaintiff's state-law claims arise from the same series of
6 events as his federal claims; specifically, the origination of the mortgage and the
7 subsequent collection and lien enforcement efforts. Accordingly, the state claims
8 share a common nucleus of operative fact and this Court has supplemental
9 jurisdiction over them. Therefore, this Court has subject matter jurisdiction over
10 the Plaintiff's claims, and the Plaintiff's challenge based on subject matter
11 jurisdiction fails.

12 **Timeliness of Removal**

13 The Plaintiff also asserts that remand is appropriate because Wells Fargo's
14 removal was untimely. The Plaintiff argues that he served Wells Fargo with a
15 copy of the complaint on March 15, 2011, and that Wells Fargo filed its notice of
16 removal 39 days later. Wells Fargo counters that the complaint provided to Wells
17 Fargo on March 15, 2011 was a courtesy copy that was not formally served, and
18 that the notice of removal was filed one day after the Plaintiff actually filed his
19 complaint in superior court.

20

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND ~ 5

A defendant wishing to remove a state action to federal court must file a notice of removal within thirty days from the "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." § 1446(a)-(b). The Supreme Court has made clear that despite the "or otherwise" language, "a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Therefore, "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 347-48.

Under Washington law, service is generally to be accomplished by personal service. *Salts v. Estes*, 133 Wn.2d 160, 164 (1997) (*citing* RCW 4.28.080). Service of a summons and complaint by mail is limited to the circumstances enumerated in RCW 4.28.100 which justify service by publication. Additionally, service by mail also requires that "the serving party file[] an affidavit stating facts from which the court determines that service by mail is just as likely to give actual notice as service by publication," and the court must then order the service to be completed by mail. CR 4(d)(3)-(4).

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND ~ 6

1    Here, the Plaintiff asserts that the summons and complaint was "served" on
2    March 15, 2011, and he has attached a "certificate of service" which states that a
3    Nate Pyle served the summons and complaint "by mailing full, true and correct
4    cop[ie]s in sealed, first-class postage-paid envelopes, addressed to" various agents
5    of the Defendants. ECF No. 11 at 8. There is no evidence before the Court to
6    establish that the Plaintiff had a court order authorizing service by mail or that the
7    requirements of RCW 4.28.100 were met. Accordingly, the mailing of the
8    summons and complaint did not constitute formal service for the purposes of §
9    1446(b), and the thirty-day time period for removal did not start on March 15,
10   2011.

11   Instead, it appears that service was accomplished on April 21, 2011, the
12   same day that the complaint was actually filed in Klickitat County Superior Court.
13   According to both Wells Fargo and Mr. Green, Wells Fargo agreed to accept
14   service by e-mail and mail on the day that the Plaintiff filed the complaint. ECF
15   No. 11 at 2; ECF No. 15 at 3. Wells Fargo accepted such service on April 21,
16   2011. ECF No. 15 at 3. Wells Fargo filed its notice of removal the next day. ECF
17   No. 1. Accordingly, the notice of removal is timely.

## CONCLUSION

19   The Court has subject matter jurisdiction over the federal claims alleged in
20   the complaint because they arise under federal law. The Court has supplemental

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND ~ 7

1  jurisdiction over the state claims, because the federal claims and state claims arise
2  from a common nucleus of operative fact.  The Plaintiff formally served the
3  summons and complaint on Wells Fargo on April 21, 2011.  Wells Fargo filed its
4  notice of removal on April 22, 2011.  Therefore, the instant action is removable
5  and removal was correctly accomplished.  Because remand is inappropriate, the
6  Plaintiff is not entitled to an award of costs or fees.  *See* 28 U.S.C. § 1447(c).

   Accordingly, **IT IS HEREBY ORDERED:**

   1. The Plaintiff's Motion for Remand, **ECF No. 11**, is **DENIED**.

   **IT IS SO ORDERED**.

   The District Court Executive is hereby directed to enter this Order and to provide copies to the Plaintiff and defense counsel.

   **DATED** this 25th of July, 2011.

   *s/ Rosanna Malouf Peterson*
   ROSANNA MALOUF PETERSON
   Chief United States District Court Judge

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND ~ 8