1

2

3

4

5                         UNITED STATES DISTRICT COURT

6                         EASTERN DISTRICT OF WASHINGTON

7    JAMES A GREEN,

8                            Plaintiff,              NO:  CV-11-3047-RMP

     v.
9                                                    ORDER ON DEFENDANTS'
                                                     MOTIONS TO DISMISS AND
     WACHOVIA MORTGAGE FSB;                          PLAINTIFF'S MOTION TO AMEND
10   REGIONAL TRUSTEE SERVICES
     CORP.; and JOHN DOE 1-10; JANE
11   DOE 1-10,

12                           Defendants.

13

14          This matter comes before the Court on the Motion to Dismiss and/or for

15   Summary Judgment by Defendant Wells Fargo Bank N.A. ("Wells Fargo"),[1] ECF

16   No. 24, the Motion to Dismiss and/or for Summary Judgment by Defendant

17   Regional Trustee Services ("Regional"), ECF No. 31, and the Motion to Amend

18          [1]While the listed party is Wachovia Mortgage, FSB, Wachovia was

19   purchased by Wells Fargo during the financial crisis.  Accordingly, Wells Fargo is

20   the successor in interest and an appropriate party to bring this motion.

     ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S
     MOTION TO AMEND ~ 1

Complaint by the Plaintiff, ECF No. 48. The Court has reviewed the relevant

filings in this case as well as the pleadings and is fully informed.

## BACKGROUND

According to the complaint filed in this action, plaintiff James A. Green is

the title owner of real property located at 495 Sleepy Hollow Road in Appleton,

Washington. In April 2008, Mr. Green borrowed $406,012.00 from Wachovia

Mortgage, FSB ("Wachovia") and signed a promissory note. ECF No. 1 at 16-21.

Mr. Green enacted a deed of trust on the above property with First American Title

Insurance Company Trustee. ECF No. 1 at 22-34.

On October 20, 2010, Defendant Regional Trustee Services Corporation

("Regional") recorded a notice of default and election to sell with the Klickitat

County Auditor. ECF No. 1 at 35-38. On February 4, 2011, a notice of trustee's

sale was issued. The Plaintiff, acting pro se, then filed this lawsuit on April 21,

2001, in Klickitat County Superior Court. The Defendants removed the action to

this Court the following day. ECF No. 1. The Plaintiff moved to remand the

action, but the motion was denied. ECF Nos. 11, 17. The Defendants then filed

the instant motions seeking dismissal under Rule 12(b)(6) or for summary

judgment under Rule 56. ECF Nos. 24, 31. While the Defendants' motions were

pending, Mr. Green filed a motion to amend his complaint. ECF No. 48.

ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S
MOTION TO AMEND ~ 2

1

**DISCUSSION**

2    In his complaint, Mr. Green purports to bring four causes of action: (1) an

3    action for declaratory relief; (2) an action for injunctive relief; (3) a demand for an

4    accounting; and (4) an action for fraud and violations of various state and federal

5    statutes.  However, declarations and injunctions are forms of relief, not causes of

6    action.  In support of his purported cause of action for declaratory relief, Mr. Green

7    alleges that Wachovia materially misrepresented the terms and conditions of the

8    loan documents and that Regional failed to comply with the notice requirements of

9    RCW 61.24.040.   In support of his demand for an accounting, Mr. Green alleges

10   that he filed a written request for an accounting with Wachovia and that no

11   accounting was provided.  In his fourth allegation, Mr. Green again alleges

12   misrepresentations of his loan terms as well as violations of the Washington

13   Consumer Protection Act ("WCPA") and the Truth in Lending Act ("TILA").

14   In their motions to dismiss, the Defendants argue that Mr. Green's state-law

15   claims are preempted under the Home Owners Loan Act ("HOLA") and that Mr.

16   Green's state-law allegations fail to state a claim under Rule 8.  The Defendants

17   further argue that Mr. Green has failed to plead a TILA claim and that Mr. Green's

18   TILA claim is time barred.  The Defendants also assert that Mr. Green's claim

19   alleging that Wells Fargo failed to provide an accounting upon request fails

20   because Mr. Green has not pleaded actual damages.  Finally, Regional argues that

ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S
MOTION TO AMEND ~ 3

1    it is entitled to judgment as a matter of law on Mr. Green's notice claim because

2    Regional has fully complied with the requirements of RCW 61.24.040

3    **Defendants' Motions Under Rule 12(b)(6)**

4           Due to the fact that the Court addresses a pro se complaint that was not

5    drafted by a person with legal training, the Court first will address whether Mr.

6    Green has stated a claim for which relief may be granted.  The Court does so to

7    clarify what claims are actually before this Court.  The Court will apply Federal

8    Rules of Civil Procedure 12(b)(6) and 8(a).

9           **Rule 12(b)(6) standard.**

10           A claim for relief must contain "a short and plain statement of the claim

11    showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under Rule

12    12(b)(6), a court may dismiss a complaint on motion by the defendant where the

13    complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ.

14    P. 12(b)(6).  In reviewing the sufficiency of a complaint, a court accepts all well-

15    pleaded allegations as true and construes those allegations in the light most

16    favorable to the non-moving party.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d

17    992, 998 (9th Cir. 2010) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519

18    F.3d 1025, 1031-32 (9th Cir. 2008)).

19           "To survive a motion to dismiss, a complaint must contain sufficient factual

20    matter, accepted as true, to 'state a claim of relief that is plausible on its face.'"

ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S
MOTION TO AMEND ~ 4

1   *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v.*

2   *Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the

3   plaintiff pleads factual content that allows the court to draw the reasonable

4   inference that the defendant is liable for the misconduct alleged."  *Id.* (citing

5   *Twombly*, 550 U.S. at 556).  However, "[r]ule 8(a) 'does not impose a probability

6   requirement at the pleading state; it simply calls for enough fact to raise a

7   reasonable expectation that discovery will reveal evidence' to support the

8   allegations."  *Starr v. Baca*, 633 F.3d 1191, 1205 (9th Cir. 2011) (quoting

9   *Twombly*, 550 U.S. at 556).

10         A court has a duty to construe pro se pleadings liberally.  *Hebbe v. Pliler*,

11   627 F.3d 338, 342 (9th Cir. 2010).  Accordingly, a court must give a pro se

12   plaintiff the benefit of the doubt and not hold the pro se plaintiff to the same

13   standards as applied to formal pleadings drafted by lawyers.  *Id.*  This duty holds

14   true even after the United States Supreme Court's decisions in *Iqbal* and *Twombly*.

15   *Id.* at 342 n.7.  However, although a court must construe a pro se complaint

16   liberally, that does not relieve the pro se plaintiff from the need to plead specific

17   facts establishing the elements of a cause of action.  *Ivey v. Bd. of Regents of Univ.*

18   *of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

19   / / /

20   / / /

ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S
MOTION TO AMEND ~ 5

**State law claims.**

*Willful Misrepresentation*

With regard to Mr. Green's claim for willful misrepresentation, Mr. Green has failed to allege any specific facts establishing a claim for relief.  In the complaint, Mr. Green simply states that "Wachovia Mortgage willfully and materially misrepresented the terms and conditions of the loan documents to Plaintiff," and "Wachovia Mortgage, FSB willfully mislead the Plaintiff regarding the material terms and conditions of the loan contracts."  ECF No. 1 at 11, 14.  Mr. Green does not identify any specific misrepresentations that were made, by whom they were made, or when they were made.  Claims for fraud must meet the heightened pleading standards under Federal Rule of Civil Procedure 9(b), and "must state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud."  *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).  By failing to do so, Mr. Green has failed to state a claim for intentional misrepresentation.

*Washington Consumer Protection Act*

To state a cause of action under the WCPA, a plaintiff needs to allege specific facts showing (1) an unfair or deceptive act or practice; (2) occurring in the conduct of trade or commerce; (3) an impact upon the public interest; (4) an injury to the plaintiff's business or property; and (5) causation.  *Nordstrom, Inc. v.*

ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTION TO AMEND ~ 6

1    *Tampourlos*, 107 Wn.2d 735, 739 (1987).  In support of his WCPA claim, Mr.

2    Green alleges that "[b]y virtue of its misrepresentations and omissions, Defendant

3    Wachovia Mortgage, FSB engaged in unfair and/or deceptive trade practices."

4    ECF No. 1 at 14.  Again, nowhere in the complaint does Mr. Green identify any

5    specific misrepresentations that were made by Wachovia or what specific materials

6    were omitted.  *See* ECF No. 1.  Accordingly, Mr. Green has failed to state a claim

7    under the WCPA.

8        ***Foreclosure Notice Requirements***

9        Mr. Green's final state-law claim is that Regional failed to comply with the

10   notice requirements imposed by RCW 61.24.040.  That statute requires the trustee,

11   ninety days before a foreclosure sale, to file a notice of trustee sale  with the county

12   in which the deed of trust is recorded, provide a notice of trustee sale by mail to

13   various parties in interest to the property, including the borrower and grantor, and

14   place a notice of trustee sale conspicuously on the property.  RCW 61.24.040(a)-

15   (b), (e).  In the complaint, Mr. Green admits that Regional recorded a notice of

16   trustee sale with Klickitat County auditor.  ECF No. 1 at 11.  In a letter attached to

17   the complaint, Mr. Green admits that he received notice of the trustee sale.  ECF

18   No. 1 at 55.  Mr. Green fails to allege any specific failures by Regional under the

19   statute.  Accordingly, Mr. Green has failed to state a claim for violation of RCW

20   61.24.040.

ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S
MOTION TO AMEND ~ 7

**Federal claims.**

*Truth in Lending Act*

Congress enacted TILA to "assure a meaningful disclosure of credit terms" in consumer credit transactions. 15 U.S.C. § 1601(a). To that end, TILA requires lenders to make specific disclosures and provides remedies for failures to disclose. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1170 (9th Cir. 2003). Mr. Green has failed to allege any specific disclosure that Wachovia failed to make. The sum of his allegations in support of his TILA action is that "Defendant Wachovia Mortgage, FSB failed to disclose the terms and conditions of the Plaintiff's loan contracts." ECF No. 1 at 14. Such a conclusory allegation is insufficient to meet even the liberal standard of pleading for a pro se plaintiff. Accordingly, Mr. Green has failed to state a claim under TILA.

*Demand for an Accounting*

Mr. Green's final claim is a claim for an accounting. Mr. Green's claim appears aimed at the Real Estate Settlement Procedures Act ("RESPA"). Under RESPA, a loan servicer who receives a qualified written request ("QWR") from a borrower for information relating to the servicing of the loan must respond within sixty days and provide the information requested by the borrower or provide an explanation why the information is unavailable. 12 U.S.C. § 2605(e). Additionally, the loan servicer must provide a name and telephone number where

ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTION TO AMEND ~ 8

1    the borrower may receive assistance.  12 U.S.C. § 2605(e).  If a loan servicer fails

2    to comply with the requirements of RESPA, that loan servicer is liable for "any

3    actual damages to the borrower as the result of the failure" plus additional damages

4    for a pattern of noncompliance in an amount not to exceed $1,000.  12 U.S.C. §

5    2605(f)(1).

6         Mr. Green sent a letter to Wells Fargo on June 28, 2010, asking for twenty-

7    five pieces of information.  ECF No. 1 at 44-46.  In the complaint, Mr. Green

8    describes his request as a request for an accounting.  He requests relief in the form

9    of access to Wells Fargo's books and records relating to his loan so that he might

10   audit those books and records.  ECF No. 1 at 13.  Mr. Green has failed to allege

11   that Wells Fargo's failure to respond to his RESPA request caused him any actual

12   damages.  Further, Mr. Green has not alleged that Wells Fargo has engaged in a

13   repeated practice of failing to comply with RESPA's requirements.  Accordingly,

14   Mr. Green has failed to allege facts supporting the damages element of a RESPA

15   claim.  Mr. Green's request for an accounting does not remedy this defect because

16   an accounting is not a remedy available under RESPA.  *Lindsay v. Meridias*

17   *Capital, Inc.*, No. 11-653, 2012 WL 488282, at *7 (D. Haw. Feb. 14, 2012)

18   (quoting *Gaspar v. Bank of America, N.A.*, 2010 WL 4226466, at *7 (D. Haw.

19   October 18, 2010)).  Accordingly, Mr. Green has failed to state a claim for relief

20   under RESPA.

ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S
MOTION TO AMEND ~ 9

In summary, Mr. Green has failed to allege specific facts supporting the elements of the various claims he asserts.  As a result, Mr. Green's complaint should be dismissed.  As the Court concludes that Mr. Green has failed to state a claim upon which relief may be granted, and the Defendants have failed to comply with LR 56.1, the Court declines to address the Defendants' motions as summary judgment motions.

**Whether dismissal should be with or without prejudice**.

In their motions, the Defendants seek dismissal with prejudice.  Generally, dismissals under Rule 12(b)(6) should be without prejudice and leave to amend the complaint should be granted unless the plaintiff has acted in bad faith or amendment would be futile.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107-08 (9th Cir. 2003).  The  record reveals no bad faith in this case.  Therefore, the Court must determine whether, from the record before it, it appears that amendment of the complaint will be futile.

### *State Law Claims*

Wells Fargo argues that Mr. Green's state-law claim for intentional misrepresentation and claim under the WCPA should be dismissed because they are preempted by the Home Owners Loan Act of 1933.  If Mr. Green's claims are preempted, then amendment to his complaint would be futile.

ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTION TO AMEND ~ 10

Congress enacted HOLA in 1933 "to charter savings associations under

federal law," and Congress empowered the Office of Thrift Supervision ("OTS")

to regulate those savings associations.  *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d

1001, 1004-05 (9th Cir. 2008).  By regulation, OTS has explicitly occupied the

field of lending regulations for federal savings associations.  12 C.F.R. § 560.2(a).

That regulation reads in pertinent part:

> OTS hereby occupies the entire field of lending regulation for federal savings associations. OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section or § 560.110 of this part. For purposes of this section, "state law" includes any state statute, regulation, ruling, order or judicial decision.

OTS has provided explicit guidance on how to analyze whether a state

regulation is preempted by HOLA:

> "When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption."

ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S
MOTION TO AMEND ~ 11

1    *Silvas*, 514 F.3d at 1005 (quoting OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67

2    (Sept. 30, 1996)).

3        Accordingly, the first step in determining whether HOLA preemption

4    applies is to determine whether the Plaintiff's allegations fall within the scope of §

5    560.2(b).  In making this determination, it is not the label that Plaintiff has applied

6    to the claim that controls, but whether the allegations themselves fall within the

7    scope.  *Appling v. Wachovia Mortg., FSB*, 745 F. Supp. 2d 961, 972 (N.D. Cal.

8    2010).

9        The *Silvas* court clarified that causes of action based on misleading and

10   misrepresentative statements made by a federal savings bank in the bank's

11   advertisements and disclosures fall under § 560.2(b)(9) and are preempted by

12   HOLA.  514 F.3d at 1006.  Mr. Green's conclusory allegations in the complaint

13   suggest that Mr. Green will assert claims based on disclosures made by Wachovia.

14   However, Mr. Green has not alleged any specific conduct that he believes gives

15   rise to the actions for intentional misrepresentation and violation of the WCPA,

16   and without specific allegations, the Court cannot say that amendment of the

17   complaint would be futile.

18       With regard to Mr. Green's intentional misrepresentation claim, Wells Fargo

19   has alleged that the statute of limitations has run.  Under Washington law, the

20   statute of limitations for fraud is three years.  RCW 4.16.080(4).  However, an

ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S
MOTION TO AMEND ~ 12

action for fraud does not accrue "until the discovery by the aggrieved party of the facts constituting the fraud." RCW 4.16.080(4). No allegation currently before the Court establishes the date of discovery by Mr. Green of the actions he believes constitute fraud. Accordingly, the Court cannot say that amendment would be futile.

With regard to Mr. Green's claims that Regional failed to comply with the notice requirements of RCW 61.24.040, Mr. Green's failure to allege any specific facts in support of his claim renders it impossible for this Court to determine whether any facts exist justifying this claim. Accordingly, the Court cannot say that amendment would be futile.

### *Federal Claims*

Wells Fargo argues that Mr. Green's TILA claim is barred by TILA's one-year statute of limitations. If true, amendment of Mr. Green's TILA allegations would be futile. However, Mr. Green has alleged that he was a member of a class action and that he opted out of the class. Accordingly, Mr. Green may be able to take advantage of the doctrine of equitable tolling pursuant to *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 551-52 (1974). *See e.g. Bertoli v. Wachovia Corp., FSB*, C11-03432, 2011 WL 5244687, at * 4 (N.D. Cal Nov. 3, 2011). Based on the current record, the Court cannot say whether equitable tolling should apply. Therefore, the Court cannot conclude that amendment would be futile.

ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTION TO AMEND ~ 13

With regard to Mr. Green's RESPA claim, Mr. Green would have to allege that he filed a qualified written request with his loan servicer requesting information related to the servicing of the loan, that his servicer failed to respond as required by RESPA, and that he suffered damages. 12 U.S.C. § 2605(e). The Court has ruled that Mr. Green failed to state a claim because he failed to allege damages. However, based on the record before the Court, the Court cannot say whether Mr. Green has or has not suffered damages as a result of any failures under RESPA. Accordingly, the Court cannot say that amendment would be futile.

In light of the foregoing, the Court cannot say that amendment of the complaint would be futile to any of the causes asserted in Mr. Green's first complaint. Accordingly, dismissal of that complaint should be without prejudice.

**Plaintiff's Motion for Leave to Amend Complaint**

While the Defendants' motions to dismiss were pending, Mr. Green filed a motion for leave to amend complaint and attached a proposed amended complaint. ECF No. 48. The proposed amended complaint adds a number of new claims against the Defendants.

Amendment of a pleading is governed by Rule 15. *See* Fed. R. Civ. P. 15. Rule 15 provides for a single amendment as a matter of course if such amendment is within twenty-one days of service of the original complaint, or, if the pleading requires a response, twenty-one days from service of that response or service of a

ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTION TO AMEND ~ 14

1  motion under Rule 12(b) or 12(f).  Fed. R. Civ. P. 15(a)(1)(A)-(B).  "In all other

2  cases, a party may amend its pleading only with the opposing party's written

3  consent or the court's leave.  The court should freely give leave when justice so

4  requires."  Fed. R. Civ. P. 15(a)(2).   Rule 15 prescribes a liberal standard.

5  *AmerisourceBergen Corp. v. Dailysist West, Inc.*, 465 F.3d 946, 951 (9th Cir.

6  2006).  "But a district court need not grant leave to amend where the amendment:

7  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue

8  delay in litigation; or (4) is futile."  *Id.*

9       The Plaintiff's proposed complaint alleges claims for intentional infliction of

10  emotional distress ("IIED"), promissory estoppel, violations of the Fourteenth

11  Amendment, "recoupment," and negligence. The Defendants oppose Mr. Green's

12  motion arguing that his amendments are futile.

13       As an initial matter, the Plaintiff's proposed amended complaint does not

14  correct any of the defects contained in the Plaintiff's original complaint.

15  Accordingly, the proposed amended complaint does not change the Court's rulings

16  regarding the claims addressed above.  Therefore, the Court will limit the

17  following discussion only to the new causes of action asserted in the proposed

18  amended complaint.

19  / / /

20  / / /

ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S
MOTION TO AMEND ~ 15

**Intentional Infliction of Emotional Distress**

In order to prevail on a claim for IIED, a plaintiff must show: (1) that the defendant engaged in extreme and outrageous conduct; (2) that the defendant intentionally or recklessly inflicted emotional distress; and (3) that the plaintiff actually suffered severe emotional distress. *Strong v. Terrell*, 147 Wn. App. 376, 385 (2008). Plaintiff's allegation in support of his IIED claim is that "[b]y attempting to foreclose on plaintiffs [sic] home illegally, failing the [sic] use of due diligence, and using false documentation, Defendants have intentionally inflicted emotional distress on plaintiff, his wife, and seven children." ECF No. 48-1 at 5. However, Plaintiff fails to allege specific facts establishing either that the Defendants engaged in extreme or outrageous conduct or that the Defendants intentionally or recklessly caused emotional distress. Accordingly, this claim would be subject to dismissal under Rule 12(b)(6) and allowing amendment of the complaint to include this claim would be futile.

**Promissory estoppel.**

"The purpose of promissory estoppel is 'to make a promise binding, under certain circumstances, without consideration in the usual sense of something bargained for and given in exchange.'" *Greaves v. Med. Imaging Sys., Inc.*, 124 Wn.2d 389, 398 (1994). Washington has adopted the theory of promissory estoppel contained within the Restatement (Second) of Contracts § 90 which reads:

ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTION TO AMEND ~ 16

"(1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

(2) A charitable subscription or a marriage settlement is binding under Subsection (1) without proof that the promise induced action or forbearance."

*Greaves*, 124 Wn.2d at 398 (quoting Restatement (Second) of Contracts § 90 (1981)).

In support of his promissory estoppel argument, Mr. Green first alleges that Wachovia promised him that he could view the original loan documents in San Antonio, Texas, and when Mr. Green sought to get a time and date to view the documents he was told that he would need a subpoena. ECF No. 48-1 at 6. Mr. Green has failed to allege facts, such as detrimental reliance, that would establish that injustice could be avoided only by enforcement of this promise. Accordingly, with regard to any promise that Mr. Green could view his original documents, Mr. Green has failed to allege a claim for promissory estoppel.

Mr. Green's second allegation in support of his claim for promissory estoppel is that he was threatened with eviction if he did not engage in a short-term loan modification and that he was promised that a "new government program called HAMP would come within a couple months" and that such promise induced him to agree to the short-term modification. ECF No. 48-1 at 6. Mr. Green then

ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTION TO AMEND ~ 17

discovered that he was ineligible for the HAMP program because he had agreed to the modification. ECF No. 48-1 at 6-7. Mr. Green has not alleged that Wachovia ever communicated that he would have qualified for the HAMP program regardless of whether he modified his loan, nor has Mr. Green alleged that he would have been eligible for the HAMP program had he not modified his loan. Furthermore, Mr. Green fails to allege that his not being eligible for the HAMP program was to his detriment. Accordingly, Mr. Green has failed to allege specific facts showing that justice requires the enforcement of any promise. Therefore, Mr. Green has failed to allege a cause of action for promissory estoppel.

**Fourteenth Amendment.**

Mr. Green's Fourteenth Amendment claim must fail. The allegations in the complaint fail to establish that Wells Fargo or Regional were acting under color of state law in a manner that would render them liable under the Fourteenth Amendment. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-843 (9th Cir. 1999).

**Recoupment.**

It is not clear what the Plaintiff is seeking in his proposed seventh cause of action. Generally, "recoupment" refers to an equitable affirmative defense or counterclaim. *See e.g. Newberry Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392,

ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTION TO AMEND ~ 18

1    1399 (9th Cir. 1996).  As the plaintiff, recoupment is not a cognizable claim for

2    Mr. Green.

3        The substance of Plaintiff's allegations in support of his recoupment claim

4    suggests that Plaintiff wants rescission of the loan contract and a return of all fees

5    and costs paid by the Plaintiff to date.  This request for rescission is a request for

6    remedies that may or may not be available under the causes of action pursued by

7    the Plaintiff.  However, the allegations under the recoupment section of the

8    proposed amended complaint do not themselves comprise a cause of action.

9        **Negligence.**

10       In order to prove a claim for negligence under Washington law, a plaintiff

11   must establish (1) a duty, (2) breach of that duty, (3) causation, and (4) a

12   compensable injury.  *Berger v. Sonneland*, 144 Wn.2d 91, 103 (2001).  Plaintiff's

13   allegations in support of this claim simply alleges "negligence" and does not

14   describe with any particularity the duty owed to the plaintiff by defendants or the

15   actions that allegedly caused a breach of that duty.  Accordingly, plaintiff has

16   failed to state a claim for negligence and the claim would be subject to immediate

17   dismissal should the proposed amended complaint be filed.

18       Ultimately, the Court concludes that Mr. Green's proposed amended

19   complaint fails to state a cause of action.  However, in light of the fact that the

20   Court cannot say that a different amended complaint would be futile, the Court will

ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S
MOTION TO AMEND ~ 19

grant Mr. Green's motion to amend to file a different amended complaint.  To that end, the Court will allow thirty days for Mr. Green to file an amended complaint. As Mr. Green already has proposed an amended complaint that failed to resolve the deficiencies in his original complaint, Mr. Green is advised that failure to plead specific facts addressing the elements of each claim in his next amended complaint may subject his claims to dismissal with prejudice.  *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (A court may dismiss with prejudice pursuant to Rule 12(b)(6) where prior leave to amend was granted and amendment failed to cure the complaint's deficiencies).

Accordingly, **IT IS HEREBY ORDERED:**

1. Wells Fargo's motion to dismiss, **ECF No. 24**, is **GRANTED IN PART AND DENIED IN PART**.

2. Regional's motion to dismiss, **ECF No. 31**, is **GRANTED IN PART AND DENIED IN PART**.

3. Mr. Green's motion to amend, **ECF No. 48**, is **GRANTED**.

4. The above captioned complaint is **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**.

/ / /

/ / /

ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTION TO AMEND ~ 20

1    5. The Plaintiff shall file an amended complaint, if any, within **THIRTY**

2    **DAYS** of the entry of this Order.  If the Plaintiff fails to file an amended

3    complaint within thirty days, the Court will close this file.

4    **IT IS SO ORDERED**.

5    The District Court Executive is hereby directed to enter this Order, set a 30

6    day case management deadline, and provide copies of this Order to all parties.

7    **DATED** this 22nd of March 2012.

8

9                           *s/ Rosanna Malouf Peterson*

                           ROSANNA MALOUF PETERSON

10                           Chief United States District Court Judge

11

12

13

14

15

16

17

18

19

20

ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S
MOTION TO AMEND ~ 21